NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROGER PENA, *Appellant*.

No. 1 CA-CR 15-0440
FILED 1-14-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-145746-001
The Honorable Richard L. Nothwehr, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

**P O R T L E Y**, Judge:

¶1          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Roger Pena has advised us that he has searched the entire record, but has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record.  Pena did not take the opportunity to file a supplemental brief.

**FACTS**[1]

¶2          Pena was stopped and arrested by a Department of Public Safety officer for criminal speeding (100 miles per hour in a 55 miles per hour zone) on June 25, 2013.  The officer searched him and found a plastic baggie containing a green leafy substance in his right pocket; and the officer's experience suggested that the substance was marijuana.  Pena was read his *Miranda*[2] rights, agreed to talk with the officer and said the substance was marijuana.

¶3          Pena was subsequently charged with possession of marijuana, but the State requested the charge be reduced to a class 1 misdemeanor before trial.  Pena did not object and the court granted the motion, which resulted in a bench trial.  At the bench trial, the officer testified about the events of the traffic stop, the search, and his discussions with Pena.  The court also heard from a criminalist, who testified that the substance was examined and, in her expert opinion, stated the substance was a usable amount of marijuana.

¶4          Pena testified on his own behalf.  He testified that he lived with his parents, a younger brother, and a 23-year-old cousin; that he got

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant."  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

up late, grabbed some pants on the floor, and rushed out the door.  He, however, recalled that his cousin was the last person to wear the pants before he put them on.  He also admitted he told the officer the substance was marijuana and belonged to a friend, but only because that is what he thought the officer wanted to hear.  As a result, Pena argued the evidence demonstrated there was reasonable doubt and he did not knowingly possess the marijuana.

**¶5**　　　　　The court found Pena guilty as charged.  Pena's sentence was subsequently suspended and he was placed on unsupervised probation for twelve months with monitoring by the adult probation department, and given community service, fines and fees.  He filed this appeal, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[3]

## DISCUSSION

**¶6**　　　　　We have read and considered the opening brief and have searched the entire record for reversible error.  We find no reversible error.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

**¶7**　　　　　Pena was properly stopped by the DPS officer because he was driving his car at a speed greatly in excess of the posted speed limit.  *See State v. Evans*, 237 Ariz. 231, 234, ¶¶ 7-8, 349 P.3d 205, 208 (2015).  After he was arrested for criminal speeding, Pena was lawfully searched incident to his arrest, and the marijuana discovered was lawfully seized.  *See Chimel v. California*, 395 U.S. 752, 755, 763 (1969) (stating the Fourth Amendment recognizes a lawful search incident to arrest can occur without a warrant and includes seizing any evidence found on the arrestee's person to prevent its concealment or destruction).

**¶8**　　　　　Pena was charged with knowing possession of marijuana, requested a preliminary hearing, and, after the hearing, the trial court found there was probable cause for him to stand trial.  *See* A.R.S. § 13-3405(A)(1).  Our review of the record demonstrates that at the trial, given that the court had to determine credibility and the weight to give to the evidence, there was substantial evidence demonstrating that Pena knowingly possessed a usable amount of marijuana, a class 1 misdemeanor.  Moreover, all of the

---

[3] We cite the current version of the applicable statutes absent changes material to this decision.

proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record reveals that Pena was represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits.

**¶9** After this decision is filed, counsel's obligation to represent Pena in this appeal has ended. Counsel must only inform Pena of the status of the appeal and his future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Pena may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

**CONCLUSION**

**¶10** Accordingly, we affirm Pena's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama